IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RASSAN M. TARABEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 24-000302-TFM-N |
| | ) | |
| BRIAN DASINGER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Rassan M. Tarabein, proceeding *pro se* and *in forma pauperis*, filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). Since the filing of the action, however, Plaintiff has failed prosecute this action, meaning he has not complied with the Court's previous order to amend his complaint. Accordingly, the undersigned **RECOMMENDS** Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

### I.     Background.

In August 2024, Plaintiff initiated this action against Judge William Scully, Jr., Brian Dasinger and Brian Dasinger Law Firm, claiming the defendants conspired to ensure that his divorce proceedings were unjustly resolved against him, denying his rights to due process and equal protection under the Constitution. (Doc. 1). Review of the complaint revealed that Judge Scully was entitled to absolute judicial immunity from suit for his actions taken as the judge assigned to Plaintiff's divorce proceedings, namely because no factual allegations demonstrated or suggested that Judge Scully "acted in the 'clear absence of all jurisdiction.' *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (citation omitted); *see* Doc. 7 at 5-6. As to the claims against the remaining defendants, attorney Brian Dasinger and Dasinger Law Firm, Plaintiff was

advised that the claims against the defendants were due to be dismissed unless Plaintiff could offer specific, well-pleaded factual allegations connecting the defendant(s) to state action and a constitutional violation. Because it was possible that a more well-pleaded complaint might state a claim, the Court ordered Plaintiff to amend the complaint. (Doc. 7). Plaintiff was cautioned in the Court's order that failure to comply with the order within the prescribed deadline would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*. at 9). The report and recommendation was adopted by the District Judge over Plaintiff's objection (*see* docs. 8, 13), but Plaintiff's time to file an amended complaint was extended, per Plaintiff's request (*see* doc. 14), until July 21, 2025. (Doc. 16). Plaintiff was cautioned in the order that "[f]ailure to comply may result in the dismissal of the remaining defendants for failure to prosecute and obey court orders under Fed. R. Civ. P. 41(b)." (Doc. 16).

As of August 20, 2025, Plaintiff has not complied with the Court's order, nor has he filed anything further with the Court or communicated with the Court (in any manner) regarding this case.

## II.     Dismissal.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, as previously discussed, Plaintiff's complaint failed to state a claim for conspiracy as the factual allegations were insufficient to connect private actors to state action as required under 42 U.S.C. § 1983. Plaintiff was made aware of the deficiency but has failed to

2

cure it. To date, the Court has not received any filing or correspondence from him. Plaintiff's deadline for compliance has now passed.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III.   Conclusion.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58. Plaintiff is reminded that in any subsequent cases filed in this Court, Plaintiff must comply with all Court orders, including following set deadlines and updating the Court as to his location.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of

28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **2nd** day of **September 2025**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**