IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RASSAN M. TARABEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:24-cv-302-TFM-N |
| | ) |
| BRIAN DASINGER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On September 2, 2025, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 19. Plaintiff timely filed his objections which the Court now considers both as objections and as a motion to reconsider the prior Opinion. *See* Doc. 20.

**A.    Report and Recommendation and Objections**

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned,

dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

On May 21, 2025, the Court entered its Memorandum Opinion and Order adopting the Report and Recommendation which dismissed Judge William E. Scully Jr as a defendant and directed Plaintiff to file an amended complaint as to the remaining defendants. *See* Docs. 7, 13. The Court gave Plaintiff until June 20, 2025 to file the Amended Complaint. *See* Doc. 13 at 2. Plaintiff requested an extension (though already after the deadline) which the Court granted. *See* Docs. 14, 16. His new deadline to file the Amended Complaint was July 21, 2025.[1] Plaintiff failed to file an amended complaint as directed. Only after the Report and Recommendation was entered does Plaintiff finally respond in his objections. *See* Doc. 20. In his objections, he asserts 4 specific reasons: (1) failed to consider good cause for the delay, (2) disregarded meritorious claims on purely procedural grounds, (3) overlooked lesser sanctions, and (4) misapplied the doctrine of judicial immunity. *Id*. The first three relate to the current Report and Recommendation which the Court will address here. However, the final objection relates to the prior determination about the dismissed defendant and therefore are not proper objections. Rather it is more akin to a motion for reconsideration which the Court will address later in this opinion.

---

[1] There was some brief confusion between cross ordered entered by the undersigned and the assigned Magistrate Judge. *Compare* Docs. 15, 16. But the Magistrate Judge vacated her order and made it clear that the deadline would be July 21, 2025. *See* Doc. 18. Regardless, the Report and Recommendation here was not entered until well after both deadlines so Plaintiff cannot rely upon "confusion" as a reason he did not comply.

Looking to the first objection, failure to consider good cause for the delay, the objection lacks merit because it is Plaintiff's burden to show good cause for his delay. He was given a deadline and then an extension and never filed the compliant Amended Complaint. He never sought to explain why he had not filed on until <u>after</u> the Report and Recommendation issued. Now he retroactively attempts to provide excuses including health related issues and disability. Yet, these do not sufficiently explain why Plaintiff could not comply. He should have raised this issues <u>before</u> the deadline had passed. The Magistrate Judge cannot consider what was not before her. Moreover, the Court does not find that he has shown how these issues interfered with his ability to respond when up until now he has been a prolific filer over several cases in the last 2 years. Plaintiff filed six cases in this district since early 2024. *See Tarabein v. Scott*, Civ. Act. No. 1:24-cv-63-TFM; *Tarabein v. Pensacola Airport Police*, Civ. Act. No. 1:24-cv-100-TFM; *Tarabein v. Judge William E. Scully*, 1:24-cv-274-TFM; *Tarabein v. Dasinger*, Civ. Act. No. 1:24-cv-302-TFM; *Tarabein v. Scott*, Civ. Act. No. 1:24-cv-328-JB; *Tarabein v. Internal Revenue Service*, Civ. Act. No. 1:24-cv-342-KD. The Court notes that during the months of June, July, and August 2025, Tarabein was filing motions and documents in other cases. *See, e.g.,* Civ. Act. No. 1:24-cv-328, Docs 28, 29; Civ. Act. No. 1:24-cv-342, Doc 18. As such, his excuse runs hollow on his ability to file his amended complaint in this case by the deadline and therefore, the objection is overruled.

Next, Tarabein objects to the dismissal of his claims on procedural grounds as opposed to a merits-review as well as lesser sanctions were available. While Plainitff may correctly cite the law, he fails to acknowledge that he <u>did</u> receive the opportunity to cure. That is exactly what the directive to amend permitted him and it was his own failure to comply that resulted in the entry of this Report and Recommendation. Moreover, he argues that the dismissal might be one tantamount to a with prejudice if it is barred by the statute of limitations. But a review of his original complaint

shows that he alleges events that occurred "since December 19, 2023 till present" (present meaing the date the complaint was filed August 23, 2024). Therefore, the claims would not be barred by the statute of limitations and the additional analysis about a "with prejudice" effect is not applicable as the Report and Recommendation recommends a without prejudice dismissal. Moreover, there was no requirement that the Magistrate Judge peer into the void to call a hearing, grant an additional extension *sua sponte*, or accept supplementation (that does not exist on the docket sheet). Rather, the Magistrate Judge properly noted the deadline had lapsed with no additional filings from the Plaintiff and entered the recommendation to dismiss for want of prosecution and failure to obey court orders. Therefore, these objections are overruled.

B.   **Motion to Reconsider Prior Opinion and Dismissal of Defendant**

The final "objection" states judicial immunity was not properly applied. However, that does not relate to this Report and Recommendation and has already been resolved with the prior Opinion entered on May 5, 2025. Therefore, this is not a proper objection, but instead the Court will **CONSTRUE** it as a motion for reconsideration of the prior opinion.

Where no judgment has been entered, there is no judgment to alter or amend. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (an interlocutory order is not subject to the limitations of Rule 59); *Nicholson v. City of Daphne*, Civ. Act. No. 1:07-cv-496-WS, 2009 U.S. Dist. LEXIS 57434, 2009 WL 2045152 (S.D. Ala. July 7, 2009) (order granting in part and denying in part motion for summary judgment not subject to Rule 59 or Rule 60). Rather, the arguments are more properly considered as a motion for reconsideration for which its resolution is reviewable only for abuse of discretion. *Sabatier v. Sun Trust Bank*, 301 F. App'x 913, 914 (11th Cir. 2008). A district court, in its discretion, can modify or vacate non-final orders at any point before final judgment. FED. R. CIV. P. 54(b); *John Simmons Co. v. Grier Brothers Co.*,

258 U.S. 82, 88 (1922) (because the order was interlocutory, "the court at any time before final decree [could] modify or rescind it."); *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) (quoting *John Simmons*).[2]

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citations omitted); *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003), *aff'd* 419 F.3d 1208 (11th Cir. 2005). "Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected." *Gougler*, 370 F. Supp. 2d at 1189 n. 1 (citations omitted); *see also Spellman v. Haley*, Civ. Act. No. 97-640-N, 2002 U.S. Dist. LEXIS 27308, 2002 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").

In short, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted); *see also Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (stating same)

Even reviewing under this standard, it is clear that Plaintiff is merely unhappy with the dismissal of the defendant at issue and seek to relitigate what this Court has already seen and rejected. He provides the Court with nothing to show the original determination was in error. Therefore, the motion for reconsideration is **DENIED**.

---

[2] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### C. Conclusion

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this action is **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders.

Further, the motion to reconsider the prior opinion on dismissal of Judge Scully is **DENIED**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 26th day of September, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE